# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-1366

UNITED STATES OF AMERICA

v.

JACOB MONTAGUE,
Appellant

_____

On Appeal from the U.S. District Court, E.D. Pa.
Judge Joel H. Slomsky, No. 2:21-cr-00016-001

Before: RESTREPO, BIBAS, and FISHER, *Circuit Judges*
Submitted: Apr. 21, 2026; Filed: Apr. 24, 2026
_____

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. Late one night in Philadelphia, Jacob Montague was driving his dented white SUV when he saw a woman walking by. He pulled over, got out, brandished a knife, and ordered her to come with him. But when she whipped out her cellphone and dialed 911, he backed off and drove away. The next day, she identified Montague as the assailant from a photo lineup.

That evening, Montague tried again on another woman who was walking her dog and taking a Zoom call. He held his knife to her neck, cut her fingers, and dragged her to his SUV. The recorded call captured her cries for help. Thankfully, bystanders rescued her and pinned Montague to the ground until police arrived.

---

[*] This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

Montague pleaded guilty without a plea agreement to one count of kidnapping and one of attempted kidnapping, in violation of 18 U.S.C. §1201(a)(1) and (d). He now appeals, and his court-appointed counsel has filed an *Anders* brief moving to withdraw, arguing that any appeal would be frivolous. *See* 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)). Having reviewed the briefs and the record, we agree. So we will AFFIRM and grant counsel's motion to withdraw.

The *Anders* brief shows that counsel has reviewed the record thoroughly in search of appealable issues. The brief is "adequate on its face." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). Though counsel's analysis lights our path, we must still review the record ourselves. *See id.* Counsel identifies three clusters of potential issues. We agree that none has merit and see no others.

*First*, there is no doubt about jurisdiction. The District Court had jurisdiction under 18 U.S.C. §3231, as we do under 28 U.S.C. §1291 and 18 U.S.C. §3742(a).

*Second*, Montague's guilty plea was knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 748 (1970). At the plea hearing, the District Court verified that Montague could hear and understand the judge and was not impaired by drugs, medication, alcohol, or illness. Montague also has a law degree, which the judge confirmed. Montague verified that he was pleading guilty freely, not because of any threats. And after hearing his responses, the judge recessed for almost half an hour to give Montague time to confer with his lawyer before finding that he was competent to plead and that his plea was knowing and voluntary.

True, Montague has a history of mental-health problems (allegedly related to drugs) and underwent court-ordered competency evaluations in this case and a prior one. But those problems are unrelated to his appeal. Medical professionals found him competent—and even concluded that he was malingering. Even so, the District Court declined to apply the obstruction enhancement tied to that finding. And its colloquy tracked Rule 11(b), warning Montague of the various rights that he was waiving and the statutory maximum sentences that he faced. Fed. R. Crim. P. 11(b). Then it reviewed the elements of the crimes charged. The government proffered what it would prove at trial about both kidnapping crimes, and Montague admitted all those facts, which satisfied each element of both crimes. He also said he was completely satisfied with his lawyer. As the District Court found, that was enough.

*Third*, the sentence was procedurally and substantively reasonable. Procedurally, the judge properly disclosed the presentencing report, adopted its factual findings without objection, correctly calculated the advisory Guidelines range, heard from counsel, let Montague speak, made findings on the record, heard a witness before declining to impose the obstruction-of-justice enhancement, and weighed the § 3553(a) factors in explaining his sentence. Substantively, the sentence (two concurrent terms of 228 months' imprisonment; concurrent terms of three and five years' supervised release; and two fines of $2500) fell within the Guidelines range of 210 to 262 months. That was reasonable for such serious crimes. And it was well below the statutory maximum sentences of 20 years for attempted kidnapping plus life for kidnapping. Because there was no error, we will AFFIRM and grant counsel's motion to withdraw.